**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4597**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MICHAEL ANTHONY JONES, a/k/a Spunk,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge. (5:11-cr-00099-FL-1)

———————

Submitted:  June 24, 2013          Decided:  July 17, 2013

———————

Before KING, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton,
North Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jones pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006), and was sentenced to life imprisonment. On appeal, Jones argues that the Government breached the plea agreement by failing to move for an additional one-level reduction in Jones' offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(b) (2010), and that the district court erred in imposing his sentence. We affirm.

Because Jones did not claim in the district court that the Government breached the plea agreement, we review for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). Accordingly, Jones has the burden to show that the Government plainly breached his plea agreement, that he was prejudiced by the error, and that the breach "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

2

inducement or consideration, such promise must be fulfilled.'" Id. (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). The Government breaches a plea agreement when the promise it made to induce the plea goes unfulfilled. Santobello, 404 U.S. at 262. Because of "constitutional and supervisory concerns," the Government is held to a greater degree of responsibility than the defendant for imprecision or ambiguities in plea agreements. United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992).

The Government concedes that it breached the plea agreement. Thus, there is no question that an error occurred that is plain. However, even with the one-point reduction Jones seeks, his offense level would remain the same. See USSG Pt. A, cmt. n.2. Thus, the breach did not affect Jones' substantial rights because there is no "nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the [breach]." United States v. Knight, 606 F.3d 171, 180 (4th Cir. 2010).

Turning to Jones' sentence, we review for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the

3

advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court correctly calculated and considered the advisory Guidelines range, and heard argument from counsel and allocution from Jones. The court considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of Jones' drug trafficking crime, Jones' history of drug dealing, the need to deter others like Jones, and the need to protect the public. Further, Jones fails to

4

offer any grounds to rebut the presumption on appeal that the within-Guidelines sentence of life imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Jones.

We affirm the district court's judgment, and deny Jones' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED